

**NORTHERN DISTRICT OF TEXAS**
**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature: Harlin DeWayne Hale]*

Signed March 16, 2007                        **United States Bankruptcy Judge**

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| WALSH JORDAN, JR., | § § | Case No. 05-86647-HDH-7 |
| Debtor. | § § | |

| | | |
|---|---|---|
| WILLIAM T. NEARY, UNITED STATES TRUSTEE, | § § § | |
| Plaintiff | § § | |
| vs. | § § § | Adversary No. 06-3337 |
| WALSH JORDAN, JR., | § § § | |
| Defendant | § | |

### MEMORANDUM OPINION

This opinion addresses the issue of whether attorneys' fees and litigation costs should be assessed, under the Equal Access to Justice Act, against the United States Trustee in discharge litigation in which the Debtor prevailed.

**Facts**

Walsh Jordan, Jr. ("Jordan" or "Debtor") filed the above referenced bankruptcy case. Debtor owned an interest in various real properties listed on his schedules. He was also building a new business coaching local youths to play basketball, after having played professionally in Europe for several years. His income from this venture, at the time of his bankruptcy case, was modest.

The United States Trustee for the Northern District of Texas ("U.S. Trustee") brought an action under 11 U.S.C. § 727 to bar the Debtor's discharge. The Trustee alleged that the Debtor made false oaths in his bankruptcy filings and also failed to maintain books and records.

Prior to the complaint, Albert Loftus ("Loftus"), a representative of the U.S. Trustee, investigated the Debtor's affairs, met with the Debtor and his counsel, attended the § 341 meeting, and requested and examined documents of the Debtor. Mr. Loftus testified that the U.S. Trustee's Office began its investigation of the Debtor in November or December 2005. He further testified that on December 1, 2005, the U.S. Trustee requested additional information from the Debtor.

On January 30, 2006, Mr. Wadsworth, counsel to the Debtor, produced documents and information responsive to the requests of the U.S. Trustee, and on or about July 3, 2006, the Debtor produced additional information and documents in response to requests for production by the U.S. Trustee, including a bankers' box full of loan documents. The Debtor appears to have cooperated with the U.S. Trustee and produced all records in his possession or subject to his control responsive to the requests

of the U.S. Trustee. At the hearing on the instant request for attorneys' fees, the Deputy U.S. Trustee stated that the Debtor had been cooperative.

The Debtor's Schedules and Statement of Affairs contained a number of errors. For example, in response to Question 1, Statement of Financial Affairs, the Debtor is required to disclose gross income for the two years prior to the Petition Date. The Debtor originally disclosed only $3,057.00 for 2004, and failed to disclose income for 2003 and 2005. Before the complaint was filed on February 20, 2006, the Debtor amended his Statement of Financial Affairs disclosing income of $615 for 2003 and ($12,869.00). However, Debtor failed to disclose income for 2005. Although the request is for disclosure of gross income, attorney Wadsworth testified that he uses adjusted gross income for his clients. Wadsworth's interpretation of the question for Jordan is erroneous. Jordan, of course, had never completed the forms before, and relied upon his counsel Wadsworth.

Much of the complaint related to the Debtor's involvement in a failed real estate enterprise. The U.S. Trustee alleged that the Debtor failed to disclose, or that he concealed certain Real Estate Leases or Contracts for Deed in his schedules relating to his real property. These contracts were not properly identified in Schedule G; however, the Tenant of each Rental Property was identified on Schedule F, with a claim designation "Lease to Own." Furthermore, the disclosure was made pursuant to the advice of counsel. Wadsworth elected to list Tenants on Schedule F; he testified that he did not believe it was necessary to list these claims on two separate schedules. Wadsworth's decision here was misplaced. However, Jordan had no experience with the forms.

**MEMORANDUM OPINION – Page 3**

The Debtor characterized his contracts for deeds as leases. The U.S. Trustee argued that the characterization of the real estate agreements as "Lease to Own" was not sufficient to put parties on reasonable notice of the nature of the debts and the rights under the agreement. The U.S. Trustee is correct in his statement that leases and contracts for deed create separate rights and obligations under the contract. However, the occupants of the houses, under either contract, pay for the right to possession of the real property for some period of time. And, Schedule F clearly identified each Rental Property by address designated as Lease to Own by Tenant. This information disclosed the various properties and the Debtor's belief as to their value, and put the Chapter 7 Trustee and the creditor body on notice. For this reason, after trial, this Court did not bar Debtor's discharge based on the claim of false oath regarding the description of the real estate.

In fact, after a day-long trial on the merits, this Court granted judgment for the Debtor on all counts brought by the U.S. Trustee. The Court issued Findings of Fact and Conclusions of Law in favor of the Debtor. The Court determined that there was no basis for the count against the Debtor for failing to maintain documents. And, although the Court agreed that the pleadings had a number of errors, such errors were largely attributed to counsel for Debtor, who mistakenly put his own interpretation on the questions. Further, the Court carefully considered the Debtor's testimony. The Debtor is a former basketball player, but is unsophisticated in the field of real estate. He testified credibly at the trial, and the Court found the Debtor to be honest and lacking the intent required under 11 U.S.C. § 727 to bar his discharge.

Now, the Debtor seeks reimbursement of his costs of litigation under the Equal

Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

## Attorney's Fees Under the EAJA

The EAJA provides an avenue for a successful litigant, such as the Debtor, to recover his/her attorneys' fees and other expenses from the United States. The EAJA provides for the award "to a prevailing party other than the United States fees and other expenses … unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

The Act further provides:

> Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

According to commentators, the substantial justification test is a reasonableness test. "When the case turns upon a method or legal issue as to which reasonable persons could disagree, the EAJA fees should not be awarded." Sisk, The Essentials of the Equal Access to Justice Act: Court Awards of Attorney's Fees for Unreasonable Government Conduct (Part Two), 56 La. L. Rev. 1 at 21 (1995) ("Sisk").

This reasonableness test is derived from the lead Supreme Court opinion on the subject and has been applied by the Fifth Circuit.

> In *Pierce v. Underwood*, 487 U.S. 552, 108 S. Ct. 2541, 101 L.Ed.2d 490 (1988), the Supreme Court defined the phrase "substantially justified" in 12 U.S.C. § 2412(d)(1)(A). It explained that the government's position, to be "substantially justified," need not be "justified to high degree,' but rather 'justified in substance or in the

main'—that is, justified to a degree that could satisfy a reasonable person." 487 U.S. at 564, 108 S.Ct. at 2549. Although the Court cautioned that, to be substantially justified, a position must be "more than merely undeserving of sanctions for frivolousness," *id*. at 566, 108 S.Ct. at 2551, the Court refused to require the government to demonstrate that its position was "more than merely reasonable." *See id*. at 566-67, 108 S.Ct. at 2551.

Ultimately, the Court equated a "substantially justified" position with one have a "reasonable basis both in law and fact." *Id*.

The Court in *Pierce* also resolved questions about the appropriate standard of appellate review with regard to a district court's characterization of the government's position. It held that a district court's determination of whether the government's position has been "substantially justified" should be reviewed under the abuse of discretion standard. *See id*. at 562-63, 108 S.Ct. at 2549. In so holding, the Court reasoned: "We think that the question whether the [g]overnment's litigating position has been 'substantially justified' is … a multifarious and novel question, little susceptible, for the time being at least, of useful generalization, and likely to profit from the experience that an abuse-of-discretion rule will permit to develop." *Id*. at 562, 108 S.Ct. at 2548.

*Spawn v. Western Bank—Westheimer*, 989F.2d 830 (5th Cir. 1993).

### **Errors in the Debtor's Schedules and Statement of Affairs**

In the present case, the U.S. Trustee cites this Court to several discharge cases involving errors and omissions in bankruptcy pleadings in which a debtor's discharge has been barred. *See, e.g., The Cadle Co. v. Mitchell (In re Mitchell)*, 102 F.Appx. 860 (5th Cir. 2004); *United States Trustee v. Moschella (In re Moschella)*, Case No. 03-47690 DML-7, Adv. No. 04-4055 (unpublished) (Bankr. N.D. Tex., 2004).

In those cases, the courts determined that the debtor's intent could be derived from the number of errors in the papers.

This Court, respectfully, is not bound to follow either *Mitchell* or *Moschella*, as *Mitchell* indicates it is considered unpublished and not precedential (102 Fed. Appx. 860,

n.) and *Moschella* is an unpublished decision from a fellow bankruptcy judge in this District.[1] In addition, this Court believes these cases arguably have been limited by the more recent published, and therefore precedential, Fifth Circuit case of *Cadle Co. v. Pratt (In re Pratt)*, 411 F.3d 561 (5th Cir. 2005). In *Pratt*, the Fifth Circuit was faced with a set of bankruptcy pleadings which contained a number of errors and omissions. However, the court deferred to the bankruptcy court's determination of the facts in finding that the debtor lacked the intent required to bar his discharge. *Id*.

And, this Court has previously not followed the suggestions of parties seeking to bar a discharge by just counting mistakes and deriving fraudulent intent. *See, e.g., The Cadle Co. v. Guenther (In re Guenther)*, 333 B.R. 759, 767-68 (Bankr. N.D. Tex. 2005), where it states: "It may be close to impossible to produce Schedules and SOFAs that contain no mistaken information, and bankruptcy papers with mistakes are not, alone, enough to bar a debtor's discharge." Other judges in this Division have followed this reasoning. *See, e.g., In re Hughes*, 354 B.R. 801, 812 (Bankr. N.D. Tex. 2006, (Jernigan, J.).

Individual bankruptcy cases often involve people who are under stress, are without all their records, and make mistakes in their forms. Not every time should these folks lose their discharge. Mistakes, by themselves, do not equal fraudulent intent. In the present case, for instance, the Debtor was a naive basketball player who made some bad real estate investments. He chose an attorney who wrongly interpreted questions in the Debtor's schedules and statement of affairs. However, the Debtor appears to be an

---

[1] The court, in *Moschella, supra*, attempted, in good faith, to follow the guidelines of *Mitchell, supra*, in large part because *Mitchell* affirms the District Court in that Division.

honest man. And, he was quite cooperative throughout these proceedings. The Debtor lacked the intent required to bar his discharge under 11 U.S.C. § 727, as this Court has so determined.

However, the question before this Court is whether the U.S. Trustee's approach in filing the complaint based on the numerous errors of the Debtor and his counsel was reasonable under the circumstances. Was the complaint reasonable as a matter of law and fact? *See, Pierce v. Underwood, supra*. From an objective standpoint, the U.S. Trustee faced a debtor and bankruptcy pleadings which were rife with errors and omissions. Debtor attempted to remedy his problems in his Schedules and Statement of Affairs, and largely did so. However, because of the *Mitchell, supra*, and *Moschella, supra*, opinions, a reasonable person could conclude that the action had merit. On its face, the Debtor's original bankruptcy papers had enough errors to bring an action for false oath under those decisions.

Applying the standard of reasonableness, the Court believes the U.S. Trustee has met that test on the false oath counts.

## Documents

The more problematical claim by the U.S. Trustee in this case involves the count regarding Debtor's documents. That count is based on the following language from section 727(a)(3) of the Bankruptcy Code, which bars discharge when:

> The debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve and recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

*Id*.

**MEMORANDUM OPINION – Page 8**

Under this provision, the initial burden is on the creditor (or, in this case, Plaintiff U.S. Trustee) to "prove that the debtor failed to keep and preserve his financial records and that the failure prevented the party from ascertaining the debtor's financial condition." *Womble v. Pher Partners (In re Womble)*, 108 Fed. Appx. 993, 995 (5th Cir. 2004) (unpublished), citing *Robertson v. Dennis (In re Dennis)*, 303 F.3d 696, 703 (5th Cir. 2003). A debtor's financial records need not contain full detail, but there should be some written evidence of debtor's financial condition. *Id*.

The U.S. Trustee conducted a thorough investigation of this Debtor. The representative of the U.S. Trustee met with Debtor and his counsel. The U.S. Trustee made a request for documents. It appears to this Court that the Debtor provided to the U.S. Trustee every scrap of paper he had in his custody, or under his control, responsive to the U.S. Trustee's requests. In addition, the Debtor also appears to have maintained substantial documents from which his financial condition could be derived, certainly more than the average debtor.

The U.S. Trustee did not meet his initial burden of showing that the Debtor did not maintain sufficient records from which the Debtor's financial condition could be ascertained. At some point, either before or after this adversary was filed, the U.S. Trustee should have realized the Debtor had made a complete and thorough production of documents, and should have determined not to pursue this count.

Considering the totality of the circumstances, the Court concludes that the U.S. Trustee's count against the Debtor under 11 U.S.C. § 727(a)(3) was not substantially justified..

Holistic Approach

One is tempted to divide the claims in this case, and because the document claim should have been abandoned, award a portion of Debtor's fees. However, the case law and commentary caution courts away from that approach. *See Sisk*, 56 La. L. Rev. at 9-10.

In reviewing a claim made under EAJA, the courts have taken a holistic approach, which is, essentially, a totality of the circumstances analysis. *Id.* When the government's overall position in the lawsuit is substantially justified, minor deficiencies on subsidiary points will not render the "position of the United States" unreasonable. *Id.* at 10. *Roanoke River Basin Ass'n II*, 991 F.2d 58 at 139 (4th Cir. 1991); *See also, Aguilar-Ayala v. Ruiz*, 973 F.2d 411, 421 n.8 (5th Cir. 1992) (where court indicated it considered government's arguments "on the whole.").

Because two of three counts seeking the bar of Debtor's discharge were substantially justified, an award of fees would not be appropriate.[2] For these reasons, the Debtor's request for attorneys' fees and expenses will be denied.

###END OF MEMORANDUM OPINION ###

---

[2] The holistic approach might suggest that litigants could bring well-founded claims, paired with meritless ones, and escape imposition of fees under EAJA. That may be the case under that act because of the holistic approach. However, debtors, such as the one here, always have in their arsenal Bankruptcy Rule 9011 for unsupported claims.